IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34904-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PETE ALECK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — David Aleck appeals from convictions for second degree unlawful hunting of big game and second degree unlawful possession of a firearm, arguing that his trial counsel provided ineffective assistance by failing to assert a tribal hunting right defense. Since the facts necessary to establish the defense are not present in the record and since the defense would not apply to the unlawful possession charge, we affirm.

FACTS

Briefly stated, the charges arose from an incident where Mr. Aleck shot a deer on a road in Klickitat County at a time when deer season was closed. The deer leaped a fence onto private property, where it died. The property owners heard the gunshot and reported the incident to law enforcement. Mr. Aleck was apprehended by fish and wildlife officers as he drove away from the scene.

Mr. Aleck testified that he is a member of the Yakama Tribe and that he knew the road was outside of the reservation's borders and was not an "in-lieu" site on which tribal members are entitled to hunt. Instead, he believed that the road was "open and unclaimed" land on which a tribal member could hunt. His counsel did not propose a jury instruction asserting the affirmative defense that he was exercising his treaty hunting rights. However, counsel twice asked the court for such an instruction. The judge turned him down, stating that a defendant's mistaken subjective belief did not authorize an affirmative defense. Report of Proceedings (Nov. 10, 2016) at 88-89. The court gave an example:

> If we had a thirty year old in here saying on the stand I thought that I could have consensual sex with a fifteen year old and that that was okay, we would allow the Defendant to make that comment from the stand as his opinion of what the law is, he would never get an instruction to that effect and so forth and so on.
> A Defendant can always have a misapprehension of the law and express that, that's his rationale for doing it. That doesn't mean he gets a jury instruction.

*Id*. at 89.

The court permitted the defense to argue Mr. Aleck's mistaken belief, but without an affirmative defense instruction. The jury convicted Mr. Aleck on both counts as charged. He timely appealed to this court. A panel considered the matter without hearing argument.

2

ANALYSIS

The sole issue presented by the appeal is whether or not defense counsel rendered ineffective assistance by failing to present an affirmative defense instruction. On this record, Mr. Aleck cannot establish that his counsel erred. Moreover, since the defense would not be available to the unlawful possession count, he also cannot establish prejudice with respect to that charge.

The issue presented by this appeal is controlled by well settled law. With respect to Mr. Aleck's status as a member of the Yakama Nation, the United States Supreme Court has noted that "it has never been doubted that States may punish crimes committed by Indians, even reservation Indians, outside of Indian country," including on lands where tribes have reserved hunting and fishing rights. *Organized Village of Kake v. Egan*, 369 U.S. 60, 75, 82 S. Ct. 562, 7 L. Ed. 2d 573 (1962); *see also Nevada v. Hicks*, 533 U.S. 353, 362, 121 S. Ct. 2304, 150 L. Ed. 2d 398 (2001) ("It is also well established in our precedent that States have criminal jurisdiction over reservation Indians for crimes committed . . . off the reservation.").

An Indian going outside of the reservation is subject to nondiscriminatory state laws unless there is express federal law to the contrary. *United States v. Washington*, 520 F.2d 676, 684 (9th Cir. 1975) (citing *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148-149, 93 S. Ct. 1267, 36 L. Ed. 2d 114 (1973)). A treaty exemption is an express federal law. However, the assertion of a treaty right as an affirmative defense must be

pleaded by the defendant. *State v. Moses*, 79 Wn.2d 104, 110, 483 P.2d 832 (1971). To establish the affirmative defense, the defendant must show by a preponderance of the evidence (1) the existence of the treaty, (2) of which he is a beneficiary, and (3) that, as a matter of law, the treaty bars him from the operation and enforcement of the hunting laws and regulations. *State v. Posenjak*, 127 Wn. App. 41, 48, 111 P.3d 1206 (2005).

The 1855 Treaty with the Yakama Nation ceded tribal land back to the federal government but retained tribal hunting and fishing rights on the ceded land. *State v. Jim*, 173 Wn.2d 672, 676, 273 P.3d 434 (2012) (citing Treaty between the United States and the Yakama Nation of Indians, arts. 1-3, June 9, 1855, 12 Stat. 951, 953). This land later became part of Washington State when it joined the Union in 1889. The Treaty also permits hunting on "open and unclaimed lands," but does not extend to hunting on privately owned lands. *See State v. Chambers*, 81 Wn.2d 929, 934-936, 506 P.2d 311, *cert. denied*, 94 S. Ct. 447 (1973). "Open and unclaimed" lands has been interpreted to mean lands that are publicly owned, including national forest service lands, and other lands not settled or privately owned. *State v. Buchanan*, 138 Wn.2d 186, 209, 978 P.2d 1070 (1999).

Similarly, the standards governing ineffective assistance of counsel claims also are well settled. The Sixth Amendment to the United States Constitution guarantees the effective assistance of counsel. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland,*

127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test, evaluating whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007). If the evidence necessary to resolve the ineffective assistance argument is not in the record, the claim is not manifest and cannot be addressed on appeal. *McFarland*, 127 Wn.2d at 334. Typically, the remedy in such situations is for the defendant to bring a personal restraint petition (PRP) so that additional evidence can be added to the record. *Id.* at 338 n.5; *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

The initial *Strickland* prong is dispositive here for a pair of reasons. First, counsel did twice ask the court for an instruction, although nothing in our record shows whether a written instruction was proffered. The court, as noted above, expressly rejected the request since the only basis was the defendant's subjective belief that he could hunt on the land. Counsel tried, but failed, to obtain the instruction. Having requested the instruction from the court, counsel's performance was not deficient. Secondly, the claim

fails due to the status of the record. There is no evidentiary support for the proposition that the land on which Mr. Aleck was hunting constituted open and unclaimed lands. The property owner testified that it was not open or unclaimed. Absent some affirmative evidence that the land was open, the court had no basis for instructing on the potential defense.[1]

For both reasons, Mr. Aleck has failed to show that his counsel performed deficiently and his claim of ineffective assistance fails. However, there is an additional reason that his ineffective assistance argument fails. The Treaty hunting right affirmative defense would not extend to the unlawful possession of a firearm charge. As noted previously, the State is entitled to enforce nondiscriminatory state laws unless there is express federal law to the contrary. *Washington*, 520 F.2d at 684. That is the case here. Even if Mr. Aleck was entitled to hunt where this incident occurred, he was not entitled to possess a firearm. Preventing felons from possessing firearms is a nondiscriminatory law that the State can legitimately enforce in this circumstance. Thus, even if counsel should have sought an affirmative defense instruction, Mr. Aleck was not prejudiced on the unlawful possession charge since the defense would not have applied to that count. Any error was not prejudicial, so counsel did not perform defectively on that count.

---

[1] If Mr. Aleck has contrary evidence concerning the nature of the land, he is free to bring that evidence in a PRP. *McFarland*, 127 Wn.2d at 338 n.5; *Norman*, 61 Wn. App. at 27-28.

No. 34904-7-III
*State v. Aleck*

Mr. Aleck has not satisfied his heavy burden of establishing that his counsel

performed deficiently to his prejudice. The convictions are affirmed.[2]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

---

[2] Mr. Aleck asks that we waive costs in this appeal. The State agrees that waiver is appropriate. We thus order that no costs will be imposed.